PARIENTE, J.,
concurring.
While this Court is reluctant to interfere with the people’s right to vote on a proposed constitutional amendment, the Court has an obligation to strike a ballot proposal that does not clearly and unambiguously inform the voter of the impact of the amendment. It should hardly be a controversial proposition that voters must be able to cast an intelligent and informed vote on the proposed constitutional amendment and understand whether the proposed amendment adds to their existing rights, alters existing rights, or dilutes existing rights provided to them by their constitution.
We must be always mindful that the “Constitution of Florida is a document of limitation by which the people of the state have restricted the forces of government in the exercise of dominion and power over their property, them rights and their lives.” Smothers v. Smith, 338 So.2d 825, 827 (Fla.1976). Although the Florida Constitution sets forth the structure of state government, its essential purpose is to protect the rights of the' people and to restrict the exercise of power by the government.
Of course, the people of this State also have a right to amend the constitution, and the voters have the right to decide to adopt a proposed amendment that provides the Legislature with greater authority, alters existing rights already guaranteed in the constitution, or restricts the effect of other proposed amendments. The unifying principle for all proposed constitutional changes is that the voters “must be able to comprehend the sweep of each proposal from a fair notification in the proposition itself that is neither less nor more extensive than it appears to be.” Smathers, 338 So.2d at 829. The “accuracy requirement in Article XI, section 5, functions as a kind of ‘truth in packaging’ law for the ballot” and applies “across-the-board to all constitutional amendments.” Armstrong v. Harris, 773 So.2d 7, 13-14 (Fla.2000).
The Legislature asserts that in proposing this amendment, it was motivated by its interest in providing our citizens with greater protection when it comes to redistricting. If in fact the Legislature’s intent was to provide the citizens with additional rights concerning redistricting, that purpose is not clearly and unambiguously conveyed. The proposed amendment appears to actually have the opposite effect. In this case, because the ballot summary fails to explain its chief purpose and the title misleadingly sets forth that the amendment is creating “Standards for the Legislature to Follow,” we are obligated to strike the initiative from the ballot.
PERRY, J., concurs.